UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lakes Entertainment, Inc.,

    Plaintiff,

v.                                                      Civil No. 09-677 (JNE/SRN)
                                                      ORDER

Milberg, LLP, William S. Lerach,
Kevin P. Roddy, Spencer A. Burkholz,
and John B. Torkelsen,

    Defendants.

Invoking diversity, federal question, and supplemental jurisdiction, Lakes Entertainment, Inc., brought this action against Milberg, LLP; three individuals—William Lerach, Kevin Roddy, and Spencer Burkholz—who were partners at Milberg's predecessor; and John Torkelsen, who frequently served as an expert witness in class actions whose plaintiffs were represented by Milberg's predecessor. Motions to dismiss the Amended Complaint are currently under advisement. Before issuing an Order that resolves the motions, the Court grants Lakes Entertainment an opportunity to establish Milberg's citizenship.

In its Complaint and Amended Complaint, Lakes Entertainment alleges that Milberg is "a limited liability partnership with its principal place of business in New York, New York." "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). With regard to a limited partnership, "the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists." *Id.*; *see Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004); *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 181-85 (3d Cir. 2008); *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991). No

1

information about the citizenship of Milberg's partners at the time of this action's filing appears in the record. *See Grupo Dataflux*, 129 S. Ct. at 574-75.

Pursuant to its independent obligation to determine whether subject matter jurisdiction exists, *Sac & Fox Tribe of the Mississippi in Iowa, Election Board v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990), the Court brought the erroneous allegation of Milberg's citizenship to Lakes Entertainment's attention at the hearing on the motions to dismiss. Lakes Entertainment responded that it would correctly state Milberg's citizenship, but it has not yet done so.

As the party invoking diversity jurisdiction, Lakes Entertainment bears the burden of establishing the citizenship of all parties. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Whether diversity jurisdiction exists is an issue that might be consequential. The exercise of supplemental jurisdiction is discretionary. 28 U.S.C. § 1367(c) (2006); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009). The exercise of diversity jurisdiction is not. Unless Lakes Entertainment establishes Milberg's citizenship within seven days of the date of this Order, the Court will conclude that diversity jurisdiction does not exist. *See* 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).

IT IS SO ORDERED.

Dated: April 14, 2010

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge