UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lakes Entertainment, Inc.,

   Plaintiff,

v.                  Civil No. 09-677 (JNE/SRN)
                    ORDER
Milberg, LLP, William S. Lerach,
Kevin P. Roddy, Spencer A. Burkholz,
and John B. Torkelsen,

   Defendants.

  In an Order dated April 28, 2010, the Court dismissed Lakes Entertainment, Inc.'s Amended Complaint. Judgment was entered the next day. Relying on Rules 59(e), 60(b)(2), and 15(a) of the Federal Rules of Civil Procedure, Lakes Entertainment now moves to alter the judgment and for leave to amend. For the reasons set forth below, the Court denies Lakes Entertainment's motion.

  "[P]ost-judgment leave to amend may be granted if timely requested." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009). "Although leave to amend a complaint should be granted liberally when the motion is made pretrial, different considerations apply to motions filed after dismissal." *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999). "[I]nterests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Roop*, 559 F.3d at 823. "[D]istrict courts . . . have considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits . . . ." *Id.* at 824; *see Drobnak v. Andersen Corp.*, 561 F.3d 778, 788 (8th Cir. 2009).

In this case, the Court took motions to dismiss Lakes Entertainment's Amended Complaint under advisement on January 15, 2010. More than three months later, Lakes Entertainment sent a letter to the Court in which Lakes Entertainment stated that it had interviewed one of the defendants, John Torkelsen, and that it intended to seek leave to amend based on the information he disclosed. Lakes Entertainment attached a declaration signed by Torkelsen to its letter. The next day, April 22, 2010, Milberg, LLP, submitted a letter to the Court in which Milberg asked the Court to resolve the pending motions to dismiss. Milberg represented that all defendants other than Torkelsen joined its request. Six days later, Lakes Entertainment responded to Milberg's letter. In an Order dated April 28, 2010, the Court acknowledged receipt of the letters, noted that Lakes Entertainment had not moved to amend, declined to consider the letters in ruling on the motions to dismiss, and granted the motions. *Cf. Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913-14 (8th Cir. 2002). The next day, the April 28 Order was docketed and judgment was entered. On May 26, 2010, Lakes Entertainment moved to alter the judgment and for leave to amend.

Lakes Entertainment could have moved for leave to amend before the Court granted the motions to dismiss the Amended Complaint. In early April 2010, approximately one year after this action's commencement, Lakes Entertainment heard that Torkelsen was interested in speaking to it about the case. Almost two weeks passed before Lakes Entertainment met Torkelsen. The day after their meeting, Lakes Entertainment informed the Court that it was preparing a motion for leave to amend based on the information disclosed by Torkelsen. One week later, Lakes Entertainment submitted another letter that made no mention of a motion for leave to amend. The Court granted the motions to dismiss the Amended Complaint. Four weeks later, the Court first saw the proposed Second Amended Complaint. It does not substantially

differ from the Amended Complaint.[1] The proposed Second Amended Complaint adds four paragraphs and makes minor revisions to the Amended Complaint. Lakes Entertainment's failure to move for leave to amend based on information that Lakes Entertainment had obtained before the Court granted the motions to dismiss weighs against granting Lakes Entertainment's motion. *See In re NationsMart Corp. Sec. Litig.*, 130 F.3d 309, 322-23 (8th Cir. 1997).

A similar conclusion is warranted with respect to the basis of Lakes Entertainment's motion. In his declaration, Torkelsen states:

> 6. Among the information I disclosed was that Blaine Nye was also paid on a contingent basis in the numerous cases in which he acted for Milberg. I understand that was never disclosed to any court. Fifty percent of Blaine Nye's fee was to be paid as invoiced with the remainder completely contingent on the success of the case. I was told that by Blaine Nye over the telephone.
>
> 7. The Milberg firm, along with other plaintiffs' firms, had a common practice of paying all experts on a contingent basis. I have to believe that all experts in the underlying case were paid on a contingent basis by Milberg.

Lakes Entertainment's reliance on the hearsay and speculation recounted by Torkelsen does not favor post-judgment leave to amend. *See Humphreys v. Roche Biomed. Labs., Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993) (noting that "desired amendments . . . are conclusory allegations with no factually supportive affidavits or other documentation to bolster a finding that they should otherwise be allowed in the interest of justice").

Finally, Lakes Entertainment has not demonstrated that its proposed amendments will alter the conclusion reached in the April 28 Order. *Cf. Roop*, 559 F.3d at 824. Milberg did not represent the plaintiffs in one of the underlying actions, and it was not the sole lead counsel in the other. According to Lakes Entertainment, Milberg admits that Torkelsen's damage estimate

---

[1] "A party who moves to amend a pleading . . . shall attach to the motion . . . a redline comparing the proposed amended pleading to the party's operative pleading." D. Minn. LR 15.1. Lakes Entertainment did not submit the required comparison of its proposed Second Amended Complaint to its Amended Complaint.

was substantively fraudulent. The Court perceives no such admission in Milberg's response to this motion.

In short, Lakes Entertainment could have moved for leave to amend before the Court granted the motions to dismiss, Lakes Entertainment relies on hearsay and speculation to support its post-judgment request for leave to amend, and Lakes Entertainment has not demonstrated that the proposed amendments will yield a different result. Under these circumstances, the Court denies Lakes Entertainment's motion. *See Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1050-51 (8th Cir. 2010).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Lakes Entertainment's Motion to Alter the Judgment and Amend the Complaint [Docket No. 153] is DENIED.

Dated: July 9, 2010

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge